**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

SINA CHENARI,
10304 Mystic Meadow Way
Oakton, VA 22124

               Plaintiff,

        v.

GEORGE WASHINGTON UNIVERSITY
2100 Pennsylvania Avenue, N.W., Suite 250
Washington, D.C. 20052

               Defendant.

Civil Action No. 14-929  (ABJ)

Judge Amy Berman Jackson

---

**ANSWER OF DEFENDANT GEORGE WASHINGTON UNIVERSITY**
**TO PLAINTIFF'S COMPLAINT**

Defendant The George Washington University (the "University" or "GW")
("Defendant"), by its undersigned counsel, answers the Complaint as follows:

**First Defense**

The Complaint, and each and every count thereof, fails to state a claim against Defendant
upon which relief can be granted.

**Second Defense**

For its answer to the separately-numbered paragraphs of the Complaint, Defendant GW
states as follows:

**PARTIES**

1. Defendant GW is without knowledge or information sufficient to form a belief as
to the truth of the allegations set forth in Paragraph 1 of the Complaint, the legal effect of which
is to deny the same.

2. Defendant states that it is a private university chartered by an act of the United
States Congress in 1821.  GWU further states that its School of Medicine and Health Sciences

has premises located in the District of Columbia.  The remaining allegations set forth in Paragraph 2 of the Complaint are denied and Defendant GWU demands strict proof thereof.

3.      Defendant GW is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3 of the Complaint, the legal effect of which is to deny the same.

## VENUE & JURISDICTION

4.      The matters set forth in Paragraph 4 of the Complaint constitute conclusions of law, not allegations of fact, by reason of which no answer is required and none is given.  To the extent an answer may be required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4 of the Complaint, the legal effect of which is to deny the same, and Defendant demands strict proof thereof.

5.      The matters set forth in Paragraph 5 of the Complaint constitute conclusions of law, not allegations of fact, by reason of which no answer is required and none is given.  To the extent an answer may be required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 of the Complaint, the legal effect of which is to deny the same, and Defendant demands strict proof thereof.

6.      The matters set forth in Paragraph 6 of the Complaint constitute conclusions of law, not allegations of fact, by reason of which no answer is required and none is given.  To the extent an answer may be required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of the Complaint, the legal effect of which is to deny the same, and Defendant demands strict proof thereof.

## FACTUAL ALLEGATIONS

7.      Defendant states that Plaintiff was a student at the University's School of Medicine and Health Sciences in the M.D. program.  The remaining allegations set forth in Paragraph 7 of the Complaint are denied and Defendant GWU demands strict proof thereof.

8.      Defendant denies the allegations set forth in Paragraph 8 of the Complaint and demands strict proof thereof.

9.      Defendant denies the allegations set forth in Paragraph 9 of the Complaint and demands strict proof thereof.

10.     Defendant denies the allegations set forth in Paragraph 10 of the Complaint and demands strict proof thereof.

11.     Defendant denies the allegations set forth in Paragraph 11 of the Complaint and demands strict proof thereof.

12.     Defendant denies the allegations set forth in Paragraph 12 of the Complaint and demands strict proof thereof.

13.     Defendant denies the allegations set forth in Paragraph 13 of the Complaint and demands strict proof thereof.

14.     Defendant states that the Professional Comportment Subcommittee met on March 5, 2013 to discuss a possible honor code violation by Plaintiff and that the proceeding was conducted in accordance with the GW School of Medicine Regulations for M.D. Candidates. Defendant denies the remaining allegations set forth in Paragraph 14 of the Complaint and demands strict proof thereof.

15.     Defendant denies the allegations set forth in Paragraph 15 of the Complaint and demands strict proof thereof.

16.     Defendant denies the allegations set forth in Paragraph 16 of the Complaint and demands strict proof thereof.

17.     Defendant denies the allegations set forth in Paragraph 17 of the Complaint and demands strict proof thereof.

18.     Defendant denies the allegations set forth in Paragraph 18 of the Complaint and demands strict proof thereof.

19.     Defendant denies the allegations set forth in Paragraph 19 of the Complaint and demands strict proof thereof.

20.     Defendant denies the allegations set forth in Paragraph 20 of the Complaint and demands strict proof thereof.

21.     Defendant denies the allegations set forth in Paragraph 21 of the Complaint and demands strict proof thereof.

22.     Defendant denies the allegations set forth in Paragraph 22 of the Complaint and demands strict proof thereof.

23.     Defendant denies the allegations set forth in Paragraph 23 of the Complaint and demands strict proof thereof.

24.     Defendant denies the allegations set forth in Paragraph 24 of the Complaint and demands strict proof thereof.

25.     Defendant denies the allegations set forth in Paragraph 25 of the Complaint and demands strict proof thereof.

26.     Defendant denies the allegations set forth in Paragraph 26 of the Complaint and demands strict proof thereof.

## COUNT I
## Breach of Contract

27.     Defendant incorporates by reference as if fully set forth herein its responses to the allegations set forth in Paragraphs 1 – 26 of the Complaint.

28.     The matters set forth in Paragraph 28 of the Complaint constitute conclusions of law, not allegations of fact, by reason of which no answer is required and none is given.  To the extent an answer may be required, Defendant denies the allegations set forth in Paragraph 28 of the Complaint and demands strict proof thereof.

29.     Defendant denies the allegations set forth in Paragraph 29 of the Complaint and demands strict proof thereof.

30.     Defendant denies the allegations set forth in Paragraph 30 of the Complaint and demands strict proof thereof.

31.     Defendant denies the allegations set forth in Paragraph 31 of the Complaint and demands strict proof thereof.

32.     Defendant denies the allegations set forth in Paragraph 32 of the Complaint and demands strict proof thereof.

33.     Defendant denies the allegations set forth in Paragraph 33 of the Complaint and demands strict proof thereof.

34.     Defendant denies the allegations set forth in Paragraph 34 of the Complaint and demands strict proof thereof.

## COUNT II
## Breach of the Covenant of Good Faith and Fair Dealing

35.     Defendant incorporates by reference as if fully set forth herein its responses to the allegations set forth in Paragraphs 1 – 34 of the Complaint.

36.     The matters set forth in Paragraph 36 of the Complaint constitute conclusions of law, not allegations of fact, by reason of which no answer is required and none is given.  To the extent an answer may be required, Defendant denies the allegations set forth in Paragraph 36 of the Complaint and demands strict proof thereof.

37.     Defendant denies the allegations set forth in Paragraph 37 of the Complaint and demands strict proof thereof.

<u>**COUNT III**</u>
**Violation of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §701, *et seq.***

38.     Defendant incorporates by reference as if fully set forth herein its responses to the allegations set forth in Paragraphs 1 – 37 of the Complaint.

39.     The matters set forth in Paragraph 39 of the Complaint constitute conclusions of law, not allegations of fact, by reason of which no answer is required and none is given.  To the extent an answer may be required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 39 of the Complaint, the legal effect of which is to deny the same, and Defendant demands strict proof thereof.

40.     Defendant denies the allegations set forth in Paragraph 40 of the Complaint in the form alleged and demands strict proof thereof.

41.     Defendant denies the allegations set forth in Paragraph 41 of the Complaint and demands strict proof thereof.

42.     Defendant denies the allegations set forth in Paragraph 42 of the Complaint and demands strict proof thereof.

43.     Defendant denies the allegations set forth in Paragraph 43 of the Complaint and demands strict proof thereof.

44.     Defendant denies the allegations set forth in Paragraph 44 of the Complaint and demands strict proof thereof.

45.     Defendant denies the allegations set forth in Paragraph 45 of the Complaint and demands strict proof thereof.

46.     Defendant denies the allegations set forth in Paragraph 46 of the Complaint and demands strict proof thereof.

47.     Defendant denies the allegations set forth in Paragraph 47 of the Complaint and demands strict proof thereof.

48.     Defendant denies the allegations set forth in Paragraph 48 of the Complaint and demands strict proof thereof.

**COUNT IV**
**Violation of Title II of the Americans with Disabilities Act (ADA)**
**42 U.S.C. § 12101, *et seq.***

49.     Defendant incorporates by reference as if fully set forth herein its responses to the allegations of Paragraphs 1 – 48 of the Complaint.

50.     The matters set forth in Paragraph 50 of the Complaint constitute conclusions of law, not allegations of fact, by reason of which no answer is required and none is given.  To the extent an answer may be required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 50 of the Complaint, the legal effect of which is to deny the same, and Defendant demands strict proof thereof.

51.     The matters set forth in Paragraph 51 of the Complaint constitute conclusions of law, not allegations of fact, by reason of which no answer is required and none is given.  To the extent an answer may be required, Defendant is without knowledge or information sufficient to

form a belief as to the truth of the allegations set forth in Paragraph 51 of the Complaint, the legal effect of which is to deny the same, and Defendant demands strict proof thereof.

52.     The matters set forth in Paragraph 52 of the Complaint constitute conclusions of law, not allegations of fact, by reason of which no answer is required and none is given.  To the extent an answer may be required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 52 of the Complaint, the legal effect of which is to deny the same, and Defendant demands strict proof thereof.

53.     Defendant denies the allegations set forth in Paragraph 53 of the Complaint and demands strict proof thereof.

54.     Defendant denies the allegations set forth in Paragraph 54 of the Complaint and demands strict proof thereof.

55.     Defendant denies the allegations set forth in Paragraph 55 of the Complaint and demands strict proof thereof.

56.     Defendant denies the allegations set forth in Paragraph 56 of the Complaint and demands strict proof thereof.

57.     Defendant denies the allegations set forth in Paragraph 57 of the Complaint and demands strict proof thereof.

## **Third Defense**

All allegations set forth in the Complaint not hereinabove specifically admitted are denied.  Defendant further specifically denies that Plaintiff is entitled to any of the relief he seeks and denies that Plaintiff is entitled to any other relief in any respect.

## Fourth Defense

Plaintiff's Complaint, in whole or in part, lacks substantial justification and was filed for improper purposes.

## Fifth Defense

Plaintiff's Complaint, in whole or in part, is based on material misstatements of information about which Plaintiff knew or had reason to know.

## Sixth Defense

Plaintiff's Complaint, in whole or in part, is barred by the doctrine of waiver.

## Seventh Defense

Plaintiff's Complaint, in whole or in part, is barred because any obligations for the University to perform were excused by the prior material breaches of the Plaintiff.

## Eighth Defense

Plaintiff's Complaint, in whole or in part, is barred by the doctrine of estoppel.

## Ninth Defense

Plaintiff's Complaint, in whole or in part, is barred because Plaintiff has failed to mitigate the injuries and damages alleged.

## Tenth Defense

At all relevant times, Defendant acted in good faith and had reasonable grounds for believing that any act or omission was not a violation of the law and/or of Plaintiff's alleged rights.

## Eleventh Defense

Plaintiff has not sustained injuries or damages to the extent alleged, of the kind alleged, or in the amount alleged.

**Twelfth Defense**

The injuries or damages complained of by Plaintiff, if any, were caused, in whole or in part, by the acts or omissions of others for which this Defendant is not legally responsible.

**Thirteenth Defense**

The injuries alleged herein and/or the damages resulting therefrom were proximately caused by the wrongful conduct of Plaintiff or his voluntary assumption of the risks thereof.

WHEREFORE, Defendant requests that the Court enter judgment:

A   Dismissing the Complaint with prejudice;

B. Awarding the University its fees and expenses, including but not limited to attorneys' fees, incurred in defending Plaintiffs' claims; and

B.  Granting Defendant such other and further relief as the Court may deem just and proper.

Dated: June 26, 2014                             Respectfully submitted,

                                                 JACKSON & CAMPBELL, P.C.

                                                 /s/ *Allyson C. Kitchel* _____
                                                 Nicholas S. McConnell (D.C. Bar #167742)
                                                 Allyson C. Kitchel (D.C. Bar #496687)
                                                 JACKSON & CAMPBELL, P.C.
                                                 1120-20TH Street, N.W. (Suite 300 S.)
                                                 Washington, D.C.  20036
                                                 (T) (202) 457-1600
                                                 (F) (202) 457-1678
                                                 nmcconnell@jackscamp.com
                                                 akitchel@jackscamp.com

                                                 *Attorneys for Defendant*
                                                 *George Washington University*

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of June, 2014, I caused the foregoing to be electronically filed using this Court's ECF system, which will then send a notification of such filing by electronic mail to counsel of record:

Tracy D. Rezvani, P.C.
Rezvani Volin & Rotbert, P.C.
1050 Connecticut Avenue, N.W., 10th Floor
Washington, D.C. 20036

Jason J. Bach, Esq.
The Bach Law Firm, LLC
6053 S. Fort Apache Rd, Suite 130
Las Vegas, NV 89148

*Counsel for Plaintiff*

/s/ *Allyson C. Kitchel*
Nicholas S. McConnell (D.C. Bar #167742)
Allyson C. Kitchel (D.C. Bar #496687)
JACKSON & CAMPBELL, P.C.
1120-20TH Street, N.W. (Suite 300 S.)
Washington, D.C.  20036
(T) (202) 457-1600
(F) (202) 457-1678
nmcconnell@jackscamp.com
akitchel@jackscamp.com

*Attorneys for Defendant*
*George Washington University*