UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SINA CHENARI,<br><br>              Plaintiff,<br><br>    v.<br><br>GEORGE WASHINGTON UNIVERSITY<br><br><br>              Defendant. | Civil Action No. 14-929 (ABJ)<br><br>Judge Amy Berman Jackson |

## JOINT MEET AND CONFER REPORT

Pursuant to Fed. R. Civ. P. 26(f)(2), Local Civil Rule 16, and this Court's Standing Order, the parties respectfully submit the following Joint Meet and Confer Report.

On July 10, 2014, counsel for all parties conferred by telephone and discussed the matters required by the above-referenced rules. The parties also had subsequent discussions by email, and represent as follows:

**Statement of the Case**

*Nature of the case.* Plaintiff was a student at The George Washington University School of Medicine and Health Sciences (hereinafter "GW" or "the University"). During a written exam on December 14, 2012, Plaintiff continued to pencil in bubbles on a multiple choice answer sheet after the time for the examination expired. The incident was investigated, and on March 15, 2013, the Subcommittee on Professional Comportment ("Subcommittee") issued a decision that Plaintiff's actions constituted a violation of the Honor Code. The Subcommittee recommended that Plaintiff be dismissed from the University. The Medical School Executive Counsel ("MSEC") reviewed the findings and recommendations of the Subcommittee, and on April 30, 2013, submitted a decision upholding the Subcommittee's decision and recommending that

Plaintiff be dismissed from the University. On May 22, 2013, the Dean of the School of Medicine and Health Sciences issued a decision upholding the Subcommittee and MSEC decisions and dismissing Plaintiff from the University. Plaintiff appealed this decision to the Provost, and the Provost upheld the decision on July 8, 2013. Plaintiff was subsequently dismissed from the University.

Plaintiff now sues the University for breach of contract, breach of the covenant of good faith and fair dealing, violation of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 705(20), and violation of Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. §12101, et seq. Plaintiff alleges that the University wrongly deprived him of the opportunity to complete his education and discriminated against him. In support of his claims, Plaintiff contends that he suffered from Attention Deficit Hyperactivity Disorder ("ADHD") and that this condition caused him to act impulsively during the examination. Plaintiff alleges that he is a qualified individual with a disability as defined by Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 705(20), that he made requests for reasonable accommodations, and that the University refused to provide them. Plaintiff further contends that, "[s]olely by reason of his disability, Plaintiff was excluded from the participation in, denied the benefits of, subjected to discrimination, exploitation and a hostile educational environment at GWU, such acts and omissions violating the Rehabilitation Act." Complaint, ¶ 42.

Plaintiff's alleged damages include: lost income (the difference in value of projected lifetime earnings by a physician with a medical degree from GW and a person without a medical degree from GW), loss of tuition, attorneys' fees, emotional distress and physical injury.

Plaintiff seeks (1) an injunction requiring GW to reinstate Plaintiff into the M.D. program; (2) compensatory damages in an amount in excess of Seventy Five Thousand Dollars

($75,000.00); (3) punitive damages each in an amount in excess of Seventy Five Thousand Dollars ($75,000.00); and (4) the costs and disbursements of this action, with interest, and such other attorney's fees and further relief as justice requires.

Defendant denies all allegations of wrongdoing and contends that its decision to dismiss Plaintiff from its medical program was appropriate, non-discriminatory, and made in accordance with its Honor Code. Defendant further denies all claims of injuries and damages and denies that Plaintiff is entitled to any of the relief set forth in the Complaint.

*Identities of the parties*

    Sina Chenari, Plaintiff

    The George Washington University, Defendant

*Statutory basis of the Court's jurisdiction.* Plaintiff asserts subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (diversity) and 28 U.S.C. § 1331 (federal question). Plaintiff asserts claims pursuant to Section 504 of the Rehabilitation Act of 1973 (Section 504) and Title 11 of the Americans with Disabilities Act (ADA).

**Proposed Scheduling Order**

A proposed scheduling order is attached hereto.

**Any Request for a Conference with the Court before Entry of Scheduling Order**

None requested by the parties.

**Additional Matters Required to be Discussed**

The parties have not identified additional matters at this time.

**Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been field, the parties should recommend to the court that discovery or other matters should await a decision on the motion.**

Both Plaintiff Chenari and Defendant GW propose and represent that whether they will file any dispositive motions will be decided as discovery progresses.

The parties concur that discovery should proceed.

**The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.**

At this time, the parties do not anticipate amending the pleadings or joining additional parties. The parties will continue to confer to determine whether there are factual or legal issues that can be agreed upon or narrowed.

**Whether the case should be assigned to a magistrate judge for all purposes, including trial.**

The parties do not consent to assignment to a magistrate judge for all purposes, including trial.

**Whether there is a realistic possibility of settling the case.**

At this time the parties have not engaged in settlement discussions, however they shall endeavor to do so as appropriate in the course of the proceedings.

**Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.**

The parties have discussed ADR.  While the parties are amenable to ADR should it appear likely to be helpful in settlement discussions, at this time the parties do not request an ADR referral.

**Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.**

Plaintiff Chenari and Defendant GW will decide whether to file any dispositive motions as discovery progresses, and, in any event, propose doing so no later than the April 10, 2015, date set forth below.

For all other motions, the parties jointly propose the following dates:

    Close of discovery: March 13, 2015

    Dispositive motions due: April 10, 2015

    Oppositions due: May 11, 2015

    Replies due: May 21, 2015.

**Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), Fed. R. Civ. P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.**

The parties propose that initial disclosures and related documents be exchanged by no later than August 8, 2014.

**The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.**

At this time, the parties do not propose any deviation from the presumptive limits on discovery, while reserving the right to move for modification should good cause exist or need arise. The parties are discussing whether there is a need for a protective order regarding any confidential, private information otherwise protected by law including, but not limited to, Federal Educational Rights and Privacy Act and Health Insurance Portability and Accountability Act. Proposed deadlines for filing written discovery, disclosure of expert witnesses, and completion of discovery are set forth in the attached proposed scheduling order as follows:

    Deadline for written discovery requests: October 31, 2014

    Plaintiff's expert witness designations: December 12, 2014

>Defendant's expert witness designations: January 30, 2015

>Close of discovery: March 13, 2015

**Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), Fed. R. Civ. P., should be modified, and whether and when depositions of experts should occur.**

>The parties do not propose modifications.  The dates for depositions of experts are set

forth in the attached proposed scheduling order.

**Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation**.

>At this time, the parties do not propose bifurcation or management in phases.

**The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

>The parties believe that a date for a pretrial conference should be set by the Court upon

resolution of any dispositive motions after the close of discovery.

**Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

>The parties believe that a trial date should be set at the pretrial conference.


Dated: July 11, 2014

6

Respectfully submitted,

| | |
|---|---|
| JACKSON & CAMPBELL, P.C. | REZVANI VOLIN P.C. |
| /s/ *Nicholas S. McConnell* | /s/ *Tracy D. Rezvani* |
| Nicholas S. McConnell (D.C. Bar #167742) | Tracy D. Rezvani, P.C. (#464293) |
| nmcconnell@jackscamp.com | trezvani@rvrlegal.com |
| Allyson C. Kitchel (D.C. Bar #496687) | **REZVANI VOLIN P.C.** |
| akitchel@jackscamp.com | 1050 Connecticut Avenue, N.W., 10th Floor |
| **JACKSON & CAMPBELL, P.C.** | Washington, D.C. 20036 |
| 1120-20TH Street, N.W. (Suite 300 S.) | (T) (202) 350-4270 x101 |
| Washington, D.C. 20036 | (F) (202) 351-0544 |
| (T) (202) 457-1600 | |
| (F) (202) 457-1678 | THE BACH LAW FIRM, LLC |
| *Counsel for Defendant The George Washington University* | /s/ *Jason J. Bach* |
| | Jason J. Bach (#974126) |
| | jbach@bachlawfirm.com |
| | **THE BACH LAW FIRM, LLC** |
| | 6053 S. Fort Apache Rd, Suite 130 |
| | Las Vegas, NV 89148 |
| | *Counsel for Plaintiff Sina Chenari* |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SINA CHENARI,<br><br>　　　　　　　Plaintiff,<br><br>　　　v.<br><br>GEORGE WASHINGTON UNIVERSITY<br><br>　　　　　　　Defendant. | Civil Action No. 14-929 (ABJ)<br><br>Judge Amy Berman Jackson |

**[PROPOSED] ORDER**

Upon consideration of the parties' Joint Meet and Confer Report, it is this ____ day of _____, 2014, hereby

ORDERED that initial disclosures required by Fed. R. Civ. P. 26(a) shall be produced by all parties by no later than August 8, 2014; and it is

FURTHER ORDERED that the presumptive numeric limitations on discovery shall apply to all parties; and it is

FURTHER ORDERED that the following scheduling deadlines shall apply (unless any party files a dispositive motion in advance of the close of discovery, in which event the usual filing times for oppositions and replies will apply):

Deadline for written discovery requests:  October 31, 2014

Plaintiff's expert witness designations: December 12, 2014

Defendant's expert witness designations: January 30, 2015

Close of discovery: March 13, 2015

Dispositive motions due: April 10, 2015

Oppositions due: May 11, 2015

Replies due: May 21, 2015.

**SO ORDERED.**

                                                                                 _____
                                                                                      Amy Berman Jackson
                                                                              United States District Judge