## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SINA CHENARI,<br><br>                Plaintiff,<br><br>      v.<br><br>GEORGE WASHINGTON UNIVERSITY,<br><br>                Defendant. | Civil Action No. 14-929  (ABJ)<br><br>Judge Amy Berman Jackson |

### JOINT MOTION FOR ENTRY OF STIPULATED CONFIDENTIALITY ORDER

Plaintiff Sina Chenari, and Defendant George Washington University (collectively, the "Parties"), by and through their undersigned counsel and pursuant to Fed. R. Civ. P. 26(c) and LCvR 5.1(h), file this joint motion to enter the Stipulated Confidentiality Order appended hereto as Attachment A ("Confidentiality Order"), regarding the confidentiality of discovery material and the inadvertent disclosure of privileged material in the above-captioned matter ("Litigation").  In support of this Joint Motion, the Parties state as follows:

1.      The Parties, though their respective counsel, have negotiated and agreed to the terms of the Confidentiality Order, which governs the designation, disclosure, and use of confidential material in this Litigation, including confidential material that may be produced by non-parties during the course of discovery in the Litigation.  The Parties have also negotiated and agreed to address and protect against any potential inadvertent disclosure of communication or information covered by the attorney-client privilege or work product protection.

2.      The Confidentiality Order contains a (a) definition of confidentiality consistent with Fed. R. Civ. P. 26(c); (b) method for challenging particular designations of confidentiality with the burden remaining on the party seeking confidentiality to justify it under Rule 26(c); (c)

provision that whenever materials subject to the confidentiality order (or any pleading, motion or memorandum referring to them) are proposed to be filed in the Court record under seal, the party making such filing must simultaneously submit a motion and accompanying order pursuant to LCvR 5.1(h); and (d) a provision permitting the Clerk to return to counsel or destroy any sealed material at the end of the litigation.

3.    The purpose of the Confidentiality Order and this Joint Motion is to allow this Litigation to proceed expeditiously, to foster the Parties' efforts in discovery, and to limit the issues that may require judicial intervention.

WHEREFORE, based upon the foregoing and good cause having been shown, the Parties respectfully request that their Joint Motion be granted and that the Court enter the Confidentiality Order, appended hereto as Attachment A.

Dated:  February  25, 2015                                    Respectfully submitted,

**REZVANI VOLIN P.C.**                                    **JACKSON & CAMPBELL, P.C.**

/s/ *Tracy D. Rezvani*                                    /s/ *Allyson C. Kitchel*_____
Tracy D. Rezvani, P.C. (DC Bar #464293)                   Nicholas S. McConnell (D.C. Bar #167742)
trezvani@rezvanivolin.com                                 nmcconnell@jackscamp.com
1050 Connecticut Avenue, N.W., 10th Floor                 Allyson C. Kitchel (D.C. Bar #496687)
Washington, D.C. 20036                                    akitchel@jackscamp.com
                                                          1120-20TH Street, N.W. (Suite 300 S.)
**THE BACH LAW FIRM, LLC**                                Washington, D.C.  20036

/s/ Jason J. Bach_____              *Counsel for Defendant*
Jason J. Bach (DC Bar #974126)                            *The George Washington University*
jbach@bachlawfirm.com
7881 W. Charleston Blvd., #165
Las Vegas, NV 89117

*Counsel for Plaintiff Sina Chenari*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SINA CHENARI, | |
| Plaintiff, | |
| v. | Civil Action No. 14-929 (ABJ) |
| GEORGE WASHINGTON UNIVERSITY, | Judge Amy Berman Jackson |
| Defendant. | |

**STIPULATED CONFIDENTIALITY ORDER**

Whereas, to protect confidential material produced or used in the above-captioned action ("Litigation"); to avoid waiver, through inadvertent production, of any applicable attorney-client privilege or work-product protection; to expedite discovery from parties and non-parties; and to permit discovery to proceed without delay occasioned by possible disputes regarding confidentiality or inadvertent waiver of privilege or protection, the under-signed Parties, by their respective counsel, have STIPULATED and agreed to the terms of this stipulated confidentiality order ("Confidentiality Order"), including the treatment of certain material as confidential and the incorporation of certain provisions of Fed. R. Evid. 502; and

Whereas, for purposes of this Confidentiality Order, the capitalized terms "Party" or "Parties" shall refer only to one or more of the Plaintiffs or Defendants in this Litigation; and the uncapitalized terms "party" or "parties" shall refer to any person or entity, whether a Party or a non-party.

Accordingly, it is this _____ day of February, 2015, by the United States District Court for the District of Columbia, for good cause shown and pursuant to Fed. R. Civ. P. 26(c), ORDERED:

1.      **Scope of Confidentiality Order.**  All documents produced in the course of discovery including, but not limited to, information, data, or things, however stored, including electronically stored information ("ESI"), all Answers to Interrogatories, all Answers to Requests for Admission, all Responses to Requests for Production of Documents, and all deposition testimony and deposition exhibits, produced in this Litigation by or from any party (collectively, "Material"), shall be subject to this Order concerning confidential information, as set forth below. However, the Parties agree that this Confidentiality Order shall govern the use of Material in the pre-trial phase of the Litigation only, and that the protections afforded to Material used during the trial in this Litigation shall be separately agreed upon by the Parties or with the Court, as may be required.

2.      **Confidential Material defined.**  "Confidential Material" is defined as Material that a party or non-party in good faith believes contains or constitutes sensitive personal information, or information that is nonpublic and entitled to protection as confidential, and that has been designated as confidential pursuant to paragraph 3, below.  Among other things, all personally identifiable information concerning any students and former students that is subject to the provisions of the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g, ("FERPA") and its accompanying federal and state regulations, found respectively at 34 CFR § 99, *et seq.* and COMAR 13A.08.02, *et seq.*, may be properly designated as "Confidential Material," and any production of such information shall be subject further to the procedures set forth in FERPA. In

addition, all non-party student information shall remain subject to the provisions of Fed. R. Civ. P. 5.2(a).

      **3.**      **Designation of Material as Confidential.**

      a.      A party may designate Material as confidential only when the party believes in good faith that the Material meets the definition of Confidential Material in paragraph 2, above. A party shall not routinely designate Material as confidential or make such a designation without reasonable inquiry to determine whether it qualifies for such designation.

      b.      A party may designate Material as confidential by placing or affixing the word "CONFIDENTIAL" on the Material in a manner that will not interfere with its legibility. A party may designate a deposition transcript, or portion thereof, or exhibit thereto, as confidential by instructing the court reporter to mark the transcript, portion thereof, or exhibit thereto with the word "CONFIDENTIAL" or the legend "CONFIDENTIAL PURSUANT TO ORDER OF COURT DATED _____," as appropriate. A party may designate a digital storage device as containing Confidential Material by placing or affixing the word "CONFIDENTIAL" on the front of the digital storage device, as well as on any Material contained therein that is designated as confidential.

      c.      Except for documents produced for inspection at a party's facilities, the designation of Material as confidential shall be made prior to, or contemporaneously with, the production or disclosure of that Material. In the event that documents are produced for inspection at a party's facilities, such documents may be produced for inspection before being marked confidential. Once specific documents have been designated for copying, any documents

3

containing confidential information will then be marked confidential after copying but before delivery to the Party who inspected and designated the documents. There will be no waiver of confidentiality by the inspection of confidential documents before they are copied and marked confidential pursuant to this procedure.

        d.      A party may designate a deposition transcript, or any testimony or exhibits therein, as confidential when the deposition is taken or at any time up until seven (7) business days after receipt of the transcript. Any testimony that describes Material designated as confidential may be designated as "CONFIDENTIAL."

    **4.**      **Copies of Confidential Material.**  All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of or containing Confidential Material shall be affixed with the word "CONFIDENTIAL" if that word does not already appear.

    **5.**      **Inadvertent failure to designate.** Every party shall make a good-faith effort to designate Material properly at the time of production.  If, through inadvertence, a party produces or discloses Confidential Material in this Litigation without designating it as such pursuant to this Confidentiality Order, any receiving Party – upon notice by the producing party of the inadvertent failure – shall treat the Material as Confidential Material.  In such case, the Parties shall take reasonable measures to mark any inadvertently disclosed Material as "Confidential" pursuant to paragraph 3, above.

    **6.**      **Use of Confidential Material.** Confidential Material shall not be used or disclosed by the Parties or counsel for the Parties or any persons identified in paragraph 7, below, for any purpose other than for this Litigation (including appeals).

4

**7.      Disclosure of Confidential Material.**  The Parties and counsel for the Parties shall not disclose or permit the disclosure of Confidential Material to any other person or entity, except that Confidential Material may be disclosed to the following:

a.  counsel for the Parties, and paralegal and clerical employees assisting such counsel in the Litigation;

b.  the Court, its staff and the jury;

c.  court reporters or vendors employed in this Litigation;

d.  any expert, consultant, or other non-party employed, retained or associated by any Party or counsel for the purpose of assisting such Party or counsel in this Litigation, who has executed an affidavit in the form of Exhibit A hereto, and who has been advised that the Confidential Material (i) is being disclosed pursuant to the terms of this Confidentiality Order; (ii) may not be disclosed by them other than pursuant to the terms of this Confidentiality Order; (iii) shall be returned at the conclusion of such employment, retention, or association; and (iv) shall be maintained during the course of the Litigation by such expert, consultant, or other non-party for purposes of such employment, retention, or association in a separate database or file designated as confidential pursuant to this Confidentiality Order;

e.  authors or prior recipients of such Confidential Material, or of correspondence or documents containing such Confidential Material;

f.  the Parties and those officers, directors, employees, or agents of any Party who are performing duties in connection with this Litigation and whom counsel reasonably believes it necessary to disclose such Confidential Material, so long as such officer, director, employee, or agent is advised regarding the existence of this Confidentiality Order and the obligations thereunder; and

g.  every other witness or deponent in this Litigation who has been advised that the Confidential Material is being disclosed pursuant to the terms of this Confidentiality Order and should not be disclosed by them; *provided,* however, that the disclosure of Confidential Material shall be for the sole purpose of questioning that witness at a deposition, hearing, or trial, and the disclosing party must retrieve, and not allow the witness or deponent to retain, any Confidential Material.

Any executed copies of Exhibit A shall be kept in the custody of counsel for the Party disclosing the Confidential Material and need not be disclosed to the producing Party or non-party except by Order of the Court.

**8.      Confidential Material filed with the Court or used at hearing or trial.**

a.      Any portion of a pleading, motion, or other filing with the Court that contains or discloses Confidential Material shall be filed together with a simultaneous motion pursuant to LCvR 5.1(h) (hereinafter the "Interim Sealing Motion").

b.      If, through inadvertence, a party fails to file under seal a pleading, motion or other filing that contains Confidential Material, that party shall, within ten (10) business days after the date the party learns of the inadvertent filing, substitute for the inadvertent filing a corrected pleading, motion or other filing that is properly sealed.  Every substitute filing shall be treated by the parties and by the Court as timely filed, *nunc pro tunc*, on the date of the inadvertent filing. Any inadvertent filing described in this subparagraph 8.b shall not constitute a breach of this Confidentiality Order so long as the filing Party timely corrects the inadvertent filing pursuant to this subparagraph 8.b.

c.      Confidential Material may be used at any hearing and at trial in this Litigation, so long as the party intending to use Confidential Material takes appropriate steps to maintain the confidentiality of such Material, such as by obtaining a Court Order to seal the courtroom and/or conduct in-camera review of Confidential Material.

d.      Even if a party believes that Material designated as confidential that the party intends to file, or use at hearing or trial in this Litigation, is not properly designated as

6

confidential pursuant to this Confidentiality Order, the filing party shall file the Interim Sealing Motion or take the appropriate steps referenced in subparagraph 8.b, above; *provided,* however, that the filing of the Interim Sealing Motion or the taking of such steps shall be wholly without prejudice to a party's rights under paragraph 11, below.

9.     **Securing Confidential Material.**    Except as otherwise provided in this Confidentiality Order, including paragraph 7, above, the Parties, or counsel for the Parties, shall keep Confidential Material secure within their possession and shall take reasonable efforts to place such documents in a secure area.

10.     **Greater protection by separate Order.** No Material may be withheld on the ground that the material to be disclosed requires protection greater than that afforded by this Confidentiality Order unless the party claiming a need for greater protection moves for an order providing such special protection pursuant to Fed. R. Civ. P. 26(c).

11.     **Challenging designation of confidentiality.** A designation of confidentiality may be challenged upon motion. The burden of proving the confidentiality of designated Material remains with the party asserting such confidentiality. The provisions of Fed. R. Civ. P. 37(a)(5) apply to such motions.

12.     **Return or destruction of Confidential Material at conclusion of Litigation.** Except as indicated in this paragraph 12, no later than thirty (30) days after the termination of this Litigation, including all appeals or time for appeals, the Parties shall destroy all electronic copies of Confidential Material and return all hard copies of Confidential Material to the producing party. Upon request of the producing party, the hard copies of Confidential Material may be destroyed

7

instead of returned. The Clerk of the Court may return to counsel for the parties, or destroy, any sealed material at the end of the litigation, including any appeals.  Notwithstanding the foregoing, counsel for the Parties may retain all pleadings and litigation documents, including exhibits and their own memoranda, containing Confidential Material, but such litigation documents and memoranda shall be used only for the purpose of preserving a file on this Litigation and shall be kept confidential in accordance with this Confidentiality Order.

13.     **Non-waiver of privilege for inadvertently disclosed Material.**  Pursuant to Fed. R. Evid. 502(d), the inadvertent disclosure of any Material that is subject to a legitimate claim that the Material is subject to the attorney-client privilege or the work-product protection shall not waive the protection or the privilege for either that Material or for the subject matter of that Material.

14.     **Return or destruction of inadvertently disclosed materials.** Except in the event that the requesting Party disputes the claim, any Material that a producing party deems to have been inadvertently disclosed and to be subject to the attorney-client privilege or the work-product protection shall be, upon written request by the producing party, promptly returned to the producing party, or destroyed, at the producing party's option. If the claim is disputed, a single copy of the disputed Confidential Material may be retained by the Parties in receipt of that disputed Confidential Discovery for the exclusive purpose of seeking judicial determination of the matter pursuant to Fed. R. Civ. P. 26(b)(5)(B) and Fed. R. Evid. 502.

15.     **Non-Parties**. A Party that seeks discovery from a non-party shall serve upon the non-party a copy of this Confidentiality Order.  A non-party may invoke the terms of this

Confidentiality Order to protect the confidentiality of the non-party's own confidential information. Non-parties from whom discovery is sought may join this Confidentiality Order and be protected thereby by acknowledging, in writing to counsel for the Parties in the form attached hereto as Exhibit A, that they agree to the terms set forth in this Confidentiality Order. A non-party that joins this Confidentiality Order may invoke the terms of this Confidentiality Order, by notice to any Party or by motion to the Court, as if the non-party were a Party to this Litigation.  Notwithstanding anything to the contrary in this Confidentiality Order, a non-party that invokes this Confidentiality Order does not thereby become a Party to this Litigation, and any non-party's invocation of this Confidentiality Order shall not be used or construed as an admission or other statement, express or implied, concerning any issue whatsoever, including any issue in this Litigation.  The failure of any non-party student or former student and/or the parent or guardian of any non-party student or former student to invoke the terms of this Confidentiality Order shall not, by itself, constitute a waiver of the protections afforded under FERPA or Fed. R. Civ. P. 5.2(a). Defendant GW is hereby ordered to disclose the names of any third parties who may be witnesses with discoverable information in this action following the conditions set forth in this order.

      **16.**     **Challenges to filings under seal.**  In the event that a party challenges a filing under seal, the party proponent of the seal has the burden of persuasion and proof thereon. However, such burden does not relieve the party designating the Confidential Material contained in such filing under seal of the burden of persuasion and proof that such Confidential Material is entitled to protection.

**17.    Subpoenas.**   In the event that any party, court, administrative agency, or any governmental body authorized to issue subpoenas, issues a subpoena for, or orders production of, Material designated as Confidential Material, the party receiving the subpoena or order shall promptly notify in writing the party that produced the Confidential Material in sufficient time before the time for responding to the subpoena or order to allow the designating party an opportunity to object to the subpoena or order, in whole or in part, including by reference to this Confidentiality Order.  Nothing in this Confidentiality Order shall bar the party receiving the subpoena or order from complying therewith in the time and manner prescribed absent an order from a court barring such compliance.

**18.    Survival.**   This Confidentiality Order shall survive the final termination of this Litigation, including any appeals, and the Court shall retain jurisdiction to resolve any dispute concerning the use of Confidential Material disclosed hereunder.

**19.    Appeals.**   If any petition for review, including but not limited to any notice of appeal, is taken from this Litigation, the parties involved in such review shall move the appellate court to enter this Confidentiality Order in that forum.

**20.    Binding.**   This Confidentiality Order shall be binding upon any party hereto, upon their attorneys, and upon those parties' and attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, officers, directors, employees, agents, and independent contractors, and all other persons or organizations over which the aforementioned persons or entities have control.

     **21.**    **Treatment as Confidential.**  Until the Court enters this Confidentiality Order, in its current form or as otherwise revised, the Parties agree to adhere to the terms herein as though the Confidentiality Order has been entered. Should the Court subsequently not enter the Confidentiality Order, in its current form or as revised by the Parties, any Confidential Material disclosed prior thereto shall be returned promptly or destroyed in accordance with the directions of the producing Party, or the Parties may take such other action as to which the Parties may agree.

STIPULATED AND AGREED:

**REZVANI VOLIN P.C**.

By:   _/s/ *Tracy D. Rezvani*_____
       Tracy D. Rezvani (Bar No: 464293)
       1050 Connecticut Ave., N.W.
       Tenth Floor
       Washington, D.C.  20036
       Phone:  (202) 350-4270 x 101
       Fax: (202) 351-0544
       trezvani@rezvanivolin.com

**THE BACH LAW FIRM, LLC**

/s/ Jason J. Bach_____
Jason J. Bach (#974126)
7881 W. Charleston Blvd., #165
Las Vegas, NV 89117
jbach@bachlawfirm.com

     *Counsel for Plaintiffs*

**JACKSON & CAMPBELL, P.C.**

/s/ *Nicholas S. McConnell*_____
Nicholas S. McConnell (D.C. Bar #167742)
nmcconnell@jackscamp.com
Allyson C. Kitchel (D.C. Bar #496687)
akitchel@jackscamp.com
1120-20TH Street, N.W. (Suite 300 S.)
Washington, D.C.  20036
Phone: (202) 457-1600
Fax: (202) 457-1678

*Counsel for The George Washington University*

     SO ORDERED.

Dated:  _____     _____
                       Hon. Amy Berman Jackson

11

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SINA CHENARI, | |
| Plaintiff, | |
| v. | Civil Action No. 14-929  (ABJ) |
| | Judge Amy Berman Jackson |
| GEORGE WASHINGTON UNIVERSITY, | **Exhibit A** |
| Defendant. | |

**AFFIDAVIT AND CONSENT TO BE BOUND BY CONFIDENTIALITY ORDER**

I, _____, hereby solemnly affirm under the penalties of perjury and upon personal knowledge that the contents of the following paper are true:

1.      I have received and read a copy of the Stipulated Confidentiality Order entered on _____, 2014, in the above-captioned litigation ("Confidentiality Order").

2.       I acknowledge that I may receive information designated as Confidential Material under the Confidentiality Order. I agree to abide by the Confidentiality Order and not to disclose Confidential Material produced subject to, or covered by the Confidentiality Order, to any person not entitled to receive disclosure of such Confidential Material.  I further agree to use such Confidential Material solely for the purposes appropriate to my participation in connection with the above-referenced litigation.

I solemnly affirm under the penalties of perjury and upon personal knowledge that the contents of the foregoing paper are true.

Date: _____          _____