UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SINA CHENARI,<br>10304 Mystic Meadow Way<br>Oakton, VA 22124<br><br>　　　　Plaintiff,<br><br>v.<br><br>GEORGE WASHINGTON UNIVERSITY<br>2100 Pennsylvania Avenue, N.W., Suite 250<br>Washington, D.C. 20052;<br><br>　　　　Defendant. | )<br>)<br>)<br>)<br>) CASE NO.:<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

COMES NOW, Plaintiff, SINA CHENARI (hereinafter referred to as "Plaintiff"), by and through his attorneys of record, Jason J. Bach of The Bach Law Firm, LLC and Tracy D. Rezvani of Rezvani Volin & Rotbert P.C., and hereby complains and alleges against the above-named Defendant, and each of them, based upon knowledge, information and a reasonable belief derived there from, as follows:

### PARTIES

1.　　Plaintiff, SINA CHENARI, is currently a resident of the State of Virginia presently residing at the address set forth in the caption hereof, and at all relevant times, was a student at George Washington University.

2.　　Defendant GEORGE WASHINGTON UNIVERSITY (hereinafter "GWU"), is a private university incorporated by an act of the United States Congress in 1821. GWU operates its School of Medicine and Health Sciences at the premises located in Washington D.C.

1

3. At all times relevant hereto, and in all their actions described herein, Defendant's actions took place in Washington, D.C.

## VENUE & JURISDICTION

4. Subject matter jurisdiction is invoked pursuant to 28 U.S.C. § 1332 (diversity) because the amount in controversy exceeds $75,000.00 and the parties are diverse. Jurisdiction is also invoked pursuant to 28 U.S.C. § 1331 (questions of federal law) based upon Section 504 of the Rehabilitation Act of 1973 (Section 504) and Title II of the Americans with Disabilities Act (ADA).

5. Venue is appropriate in this Court as Defendant is located in this District and the facts giving rise to this complaint arose in this District.

6. This Court has personal jurisdiction over Defendant pursuant to D.C. Code § 13-423. This Court has personal jurisdiction over the parties because, *inter alia*, Defendant is located in the District of Columbia, engaged in the acts directed at Plaintiff in District of Columbia, conducts substantial business in this jurisdiction, and has extensive, systematic and continuous contacts with this state.

## FACTS

7. Plaintiff was a student at GWU School of Medicine and Health Sciences in the M.D. program and was expected to graduate in May 2014.

8. In February 2011, during his first year of medical school, Plaintiff met with GWU faculty members and class mentors, Dr. Richard Cytowic and Dr. Seema Kakar, to discuss issues of anxiety he was having that were affecting his ability to perform as a medical student. At that time, no recommendations for accommodations were made and no action was taken by GWU in response to Plaintiff's reports.

2

9. In February of 2011, Plaintiff met with Dean Rhonda Goldberg on one occasion and with Dean Matthew Mintz to discuss issues of depression that were affecting his ability to perform as a medical student. Dr. Goldberg recommended that Plaintiff see a therapist or counselor but once again no action was taken by GWU in response to Plaintiff's report.

10. In October 2012, Plaintiff met with Dean Goldberg and Dean Yolanda Haywood. At that time he reported his anxiety issues and his diagnosis of Attention Deficit Hyperactivity Disorder (ADHD) and disclosed that he was prescribed medication for ADHD. Dean Goldberg again suggested that Plaintiff see a therapist or counselor but once again no action was taken by GWU in response to Plaintiff's report.

11. On or about February 4, 2013, Plaintiff received a notice from the Associate Dean of Student Affairs of GWU that he was accused of a possible violation of the Honor Code. The GWU Honor Code is set forth in the Regulations for M.D. Candidates, Section F.

12. The incident, which GWU alleged may have been a violation of the Honor Code, was that during a December 14, 2012 examination, Plaintiff continued to pencil in bubbles on a multiple choice examination after the time for the examination was up. Plaintiff was charged with a violation of the Honor Code, Section F (2)(a)(6), which states that students may not "violate any other commonly understood principals of academic dishonestly."

13. As was the common and accepted practice of the GWU medical school, students were permitted to transfer their final answers from the examination onto a multiple choice answer sheet after the time for the examination expired, which is what Plaintiff did in this case. Plaintiff was well aware that the examination proctor knew he was transferring his responses after the examination time expired and he acknowledges that the proctor instructed him to stop transferring his examination responses but he continued to do so. At no time did Plaintiff ever

3

attempt to engage in academic dishonesty or to conceal his actions from the proctor, nor did he ever intend to gain an unfair advantage or to cheat on the examination. He simply completed the examination in a manner in which he had always been allowed to do in the past at GWU.

14. Nonetheless, on March 5, 2013, Plaintiff was called before a Subcommittee on Professional Comportment with regard to the allegation of academic dishonestly in violation of the Honor Code.

15. During the March 5, 2013 meeting with the Subcommittee, Plaintiff acknowledged the fact that he continued to pencil in bubbles on a multiple choice examination after the time for the examination was up, he further acknowledged that he was well aware that the examination proctor knew he was transferring his responses after the examination time expired and he acknowledges that the proctor instructed him to stop transferring his examination responses but he continued to do so. Plaintiff informed the Subcommittee that he never attempted to engage in academic dishonesty or to conceal his actions from the proctor, nor did he ever intend to gain an unfair advantage or to cheat on the examination. He stated that he simply completed the examination in a manner in which he had always been allowed to do in the past at GWU.

16. On March 15, 2013, the Subcommittee on Professional Comportment issued a decision that Plaintiff's actions on December 14, 2012 constituted a violation of Honor Code, Section F (2)(a)(6), which states that students may not "violate any other commonly understood principals of academic dishonestly." This conclusion is not possibly supported by any of the facts presented to the Subcommittee and therefore constitutes an arbitrary and capricious decision, not supported by the evidence. The Subcommittee recommended that Plaintiff be dismissed from GWU as a result of the incident.

4

17. Moreover, the decision of the Subcommittee failed to acknowledge the fact that Plaintiff suffered from ADHD, which caused him to act compulsively during the examination which resulted in the charge of academic dishonesty.

18. Pursuant to the Honor Code, due to the recommendation of dismissal, Plaintiff was referred to the Medical School Executive Counsel (MSEC) to review the findings and recommendations of the Subcommittee. Once again, Plaintiff admitted the facts of the allegation against him to the MSEC and maintained that his conduct did not involve academic dishonesty because there was no attempt to conceal his actions from the proctor, nor did he ever intend to gain an unfair advantage or to cheat on the examination- his answers were complete but not transferred. He stated once again that he simply completed the examination in a manner in which he had always been allowed to do in the past at GWU.

19. On April 30, 2013, the MSEC submitted its decision upholding the erroneous decision of the Subcommittee and recommending that Plaintiff be dismissed from GWU. Moreover, the MSEC failed to comply with the GWU Code of Student Conduct (Code). The Code seeks to preserve flexibility in the imposition of sanctions so that each student is afforded the greatest possibility for appropriate and just treatment. The Code states that "Significant mitigating or aggravating factors *shall* be considered, which may include the current demeanor and the presence or lack of a disciplinary or criminal record of the offender, as well as the nature of the offense and the extent of any damage, injury, or harm resulting." (Emphasis added).

20. The decision of the MSEC also failed to acknowledge the fact that Plaintiff suffered from ADHD, which caused him to act compulsively during the examination which resulted in the charge of academic dishonesty.

21. On May 22, 2013, the Dean of the School of Medicine and Health Sciences issued a decision upholding the recommendation of the Subcommittee and the MSEC and dismissing Plaintiff from GWU. This decision was based upon the facts of the December 14, 2012 incident and failed to address the requirements of the Code or the fact that the undisputed facts of the December 14, 2012 incident cannot constitute academic dishonesty.

22. Plaintiff appealed this decision to the Provost. The Provost issued a decision on Plaintiff's Appeal on July 8, 2013, upholding the erroneous decisions of the Subcommittee, the MSEC and the Dean. Like the previous decisions, this decision also failed to address the requirements of the Code or the fact that the undisputed facts of the December 14, 2012 incident cannot constitute academic dishonesty.

23. Despite the fact that no evidence or facts were presented to support the allegation made against Plaintiff, Defendant found him to be responsible for a violation of the Honor Code, completely ignoring the evidence that exonerated Plaintiff, thus making Defendant's decision arbitrary and capricious.

24. The decisions of the Dean of the School of Medicine and the Provost also failed to acknowledge the fact that Plaintiff suffered from ADHD, which caused him to act compulsively during the examination which resulted in the charge of academic dishonesty.

25. As a result of Defendant's arbitrary and capricious decision, Plaintiff was removed from the medical school, forever tarnishing his educational transcript and record, as well as causing severe psychological and physical injuries, all in violation of the GWU Guide to Student Rights and Responsibilities and the GWU Regulations for M.D. Candidates, Honor Code.

26. As a result of Defendant's arbitrary, capricious, and unlawful actions, Plaintiff has been prevented from attending classes at GWU, thus halting and destroying his ability to attend medical school or to ever enter the medical profession as a medical doctor.

### FIRST CAUSE OF ACTION

### *BREACH OF CONTRACT*

27. Plaintiff reincorporates by reference each and every preceding paragraph as if fully restated herein.

28. By admitting Plaintiff and accepting his tuition, Plaintiff and GWU have an express and implied contract with Defendant, GWU, in connection with rights explicitly guaranteed by GWU pursuant to the GWU Guide to Student Rights and Responsibilities and the GWU Regulations for M.D. Candidates, Honor Code.

29. The actions of Defendant constitute a material and substantial breach of the express and implied contract by:

(a) denying Plaintiff his right not to be sanctioned unless the decision maker is persuaded by a preponderance of the evidence that he is guilty as is set forth in the GWU Guide to Student Rights and Responsibilities, Section V (B)(4); and

(b) finding Plaintiff responsible for a violation of the Honor Code Section F (2)(a)(6), which states that students may not "violate any other commonly understood principals of academic dishonestly" when, in fact, no such evidence exists that Plaintiff participated in academic dishonesty.

30. At all times relevant, Plaintiff abided by and governed his conduct by the terms of the aforementioned contract.

7

Case 1:14-cv-00929-ABJ Document 18-1 Filed 08/10/15 Page 8 of 13

Case 1:14-cv-00929 Document 1 Filed 05/30/14 Page 8 of 13

31. As a direct and proximate result of Defendant's actions, Plaintiff has lost the difference in value over a lifetime of earnings expected to be earned by a physician graduated from GWU and a person without a M.D. from GWU.

32. As a direct and proximate result of Defendant's actions, Plaintiff has lost a year or more of his career and tuition he paid to GWU.

33. As a result of the breach committed against the Plaintiff, he has suffered loss, damage and detriment including incidental and consequential damages in an amount in excess of Seventy Five Thousand Dollars ($75,000.00).

34. It has been necessary for the Plaintiff to obtain the services of an attorney to prosecute this action, and Plaintiff is entitled to an award of attorney's fees and costs of suit incurred herein.

## SECOND CAUSE OF ACTION

### *BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING*

35. Plaintiff reincorporates by reference each and every preceding paragraph as if fully restated herein.

36. The aforementioned contract between the parties contained an implied covenant of good faith and fair dealing, which precludes the Defendant from evading the spirit of the contract, willfully rendering imperfect performance, refraining from interference with Plaintiff's ability to benefit from its terms, acting in contravention of Plaintiff's reasonable expectations, failing to abide by the standards and policies promulgated by the Defendant, or otherwise acting in an arbitrary and capricious manner with respect to Plaintiff.

37. The Defendant breached this implied covenant of good faith and fair dealing by making it impossible for the Plaintiff to realize the benefit of his contract and by permitting its

agents to act in bad faith and in a manner which interfered with Plaintiff's contractual expectations.

## THIRD CAUSE OF ACTION

### *VIOLATION OF SECTION 504 OF THE REHABILITATION ACT OF 1973, 29 U.S.C. §701, et seq.*

38. Plaintiff reincorporates by reference each and every preceding paragraph as if fully restated herein.

39. Plaintiff is a qualified individual with a disability, as defined by Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 705(20).

40. Defendant receives federal financial assistance, as defined by 29 U.S.C. §794, and, as such, may not discriminate against a person because of his disability.

41. Despite Plaintiff's requests for reasonable accommodations, including not being dismissed from medical school as a result of his disability, Defendant has refused to provide them.

42. Solely by reason of his disability, Plaintiff was excluded from the participation in, denied the benefits of, subjected to discrimination, exploitation and a hostile educational environment at GWU, such acts and omissions violating the Rehabilitation Act thereby.

43. Defendant exercised bad faith in failing to provide appropriate and necessary accommodations and modifications to Plaintiff, so that he could continue in his educational program, a violation of the Rehabilitation Act thereby.

9

44. In addition, and in the alternative to the above-noted violation of the Rehabilitation Act, GWU also violated the Act when retaliating against Plaintiff when he began to advocate for his rights pursuant to the Act.

45. Such acts, omissions and failures by GWU proximately caused injuries to Plaintiff.

46. Defendant has wrongly caused Plaintiff to be discriminated against, denied reasonable accommodations, harassed and retaliated against, forcibly withdrawn from the program, all in violation of his rights pursuant to Section 504 of the Rehabilitation Act of 1973, depriving him of the opportunity to complete his education and further his career, and inflicting emotional distress and physical injury, all to his damage.

47. It has been necessary for Plaintiff to obtain the services of an attorney to prosecute this action and Plaintiff is entitled to an award of attorney's fees and costs of suit incurred herein.

48. Plaintiff is entitled to injunctive and declaratory relief to obtain the reasonable accommodations, as permitted under the statute, to allow him immediate access and participation in this public education program.

### FOURTH CAUSE OF ACTION

*VIOLATION OF TITLE II OF THE AMERICANS WITH DISABILITIES ACT (ADA), 42 U.S.C. §12101, et seq.*

49. Plaintiff reincorporates by reference each and every preceding paragraph as if fully restated herein.

50. Plaintiff is a "qualified individual with a disability," as defined in 42 U.S.C. § 12131(2).

51. GWU receives federal financial assistance so as to be covered by the mandate of the ADA.

52. GWU is a facility, the operation of which constitutes a program and services for ADA purposes.

53. GWU failed and refused to reasonably accommodate Plaintiff in violation of Title II of the ADA. Such failures caused injuries to Plaintiff.

54. GWU failed and refused to reasonably modify its services in violation of Title II of the ADA. Such failures proximately caused injuries to Plaintiff.

55. Defendant has wrongly caused Plaintiff to be discriminated against, denied reasonable accommodations, harassed and retaliated against, forcibly withdrawn from the program, based upon his disability, all in violation of his rights pursuant to the ADA, depriving him of the opportunity to complete his education and further his career, and inflicting emotional distress and physical injury, all to his damage.

56. It has been necessary for Plaintiff to obtain the services of an attorney to prosecute this action and Plaintiff is entitled to an award of attorney's fees and costs of suit incurred herein.

57. Plaintiff is entitled to injunctive and declaratory relief to obtain the physical and programmatic accessibility, as permitted under the statute, to allow him immediate access and participation in this education program.

***WHEREFORE,*** Plaintiff prays that this Honorable Court enter judgment in Plaintiff's favor, and against the Defendant for (1) an injunction requiring GWU to reinstate Plaintiff into the M.D. program and (2) for compensatory damages in an amount in excess of Seventy Five Thousand Dollars ($75,000.00); (3) for punitive damages each in an amount in excess of Seventy Five Thousand Dollars ($75,000.00); (4) for the costs and disbursements of this action, for interest, and such other attorney's fees and further relief as justice requires; and (5) any other relief that justice so requires.

### JURY DEMAND

The Plaintiff, SINA CHENARI, respectfully prays a trial by jury on all issues so triable.

DATED this  30th   day of May, 2014.

/s/ Tracy D. Rezvani
Tracy D. Rezvani (Bar No. 464293)
**REZVANI VOLIN & ROTBERT P.C.**
1050 Connecticut Ave., N.W. 10th Floor
Washington, D.C. 20036
Phone: (202) 350-4270 x 101
Fax: (202) 351-0544
trezvani@rvrlegal.com

Jason J. Bach, Esq.
**THE BACH LAW FIRM, LLC**
D.C. Bar No.: 974126
6053 S. Fort Apache Rd., Suite 130
Las Vegas, NV 89148
Tel.: (702) 925-8787
Fax: (702) 925-8788
Email: jbach@bachlawfirm.com

## VERIFICATION

As to those allegations of fact not qualified by the phrase "upon information and belief" or otherwise, I do solemnly declare and affirm under penalties of perjury that the contents of the foregoing Complaint are true and accurate to the best of my knowledge.

*Sina Chenari*
Sina Chenari
Dated this __27__ day of May, 2014.