## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SINA CHENARI,<br><br>             Plaintiff,<br><br>      v.<br><br>GEORGE WASHINGTON UNIVERSITY,<br><br><br>             Defendant. | Civil Action No. 14-929  (ABJ)<br><br>Judge Amy Berman Jackson |

### PLAINTIFF'S OPPOSITION TO DEFENDANT'S
### VERIFIED BILL OF COSTS AND EXPENSES

Pursuant to Fed. R. Civ. P. 54(d) and Local Rule 54.1(b), Plaintiff hereby files this objection to costs submitted by Defendant George Washington University on April 13, 2016, in its Verified Bill of Costs and Expenses (Doc. 28) and states as follows:

**A.     Introduction.**

Defendant George Washington University submitted its Verified Bill of Costs on April 13, 2016.  Pursuant to Local Rule 54.1(b), Plaintiff has 14 days from April 13, 2016, to submit any objection to Defendant's Bill of Costs.  Plaintiff's objection is timely.

**B.     Defendant Has Not Provided Specific Designations Regarding Any of Its Claimed Costs, As Required Under Local Rule 54.1(a).**

Local Rule 54.1(a) states in pertinent part, "Costs shall be taxed as provided in Fed. R. Civ. P. 54(d).  A prevailing party may serve and file a bill of costs which shall include all costs the party seeks to have taxed.  This bill of costs shall *specifically designate* which costs fall within paragraph (d) of this Rule."  Local Rule 54.1(a) (emphasis added).  This Court has traditionally taken a narrow view of what is permitted as a recoverable cost.  *Butera v. District of Columbia*, 83 F.Supp.2d 25, 40 (D.D.C. 1999).

Local Rule 54.1(d) states:

**(d) COSTS TAXABLE BY THE CLERK.**

When requested to do so in the bill of costs, the Clerk shall tax the following costs:

(1) Clerk's fees;

(2) Costs of service of summons and complaint;

(3) Marshal's fees and expenses specified in 28 U.S.C. § 1921;

(4) Docket fees and costs specified in 28 U.S.C. § 1923

(5) Cost of a bond or other security furnished by reason of a statute, court order or rule;

(6) Costs, at the reporter's standard rate, of the original and one copy of any deposition noticed by the prevailing party, and of one copy of any deposition noticed by any other   party, if the deposition was used on the record, at a hearing or trial;

(7) Costs, at the reporter's standard rate, of the original and one copy of the reporter's transcript of a hearing or trial if the transcript: (i) is alleged by the prevailing party to have been necessary for the determination of an appeal within the meaning of Fed. R. App. P. 39(e), or (ii) was required by the court to be transcribed;

(8) Costs of copying those exhibits which are introduced into evidence, are used for impeachment, or are filed with the Clerk;

(9) Other costs of copying up to $300.00;

(10) Witness fees pursuant to 28 U.S.C. § 1821(b), and travel and subsistence costs pursuant to 28 U.S.C. § 1821(c), paid to each witness who testified at a hearing or trial;

(11) Costs of service of a subpoena on a witness who testified at a deposition, hearing or trial;

(12) Fees of court-appointed experts, fees of interpreters used at a trial or hearing, and fees and expenses of special interpretation services under 28 U.S.C. § 1828; and

(13) Any costs of the kind enumerated in this Rule which were incurred in the District of Columbia Courts prior to removal which are recoverable under the

rules of the District of Columbia Court of Appeals and the Superior Court of the District of Columbia;

(14) Costs as shown on the mandate of the court of appeals.

Specifically, Defendant requests the Clerk tax the following costs to which Plaintiff objects:

1.      Long Distance Telephone - $1.24

Long distance telephone is not a cost which is taxable under Local Rule 54.1(d); therefore, Plaintiff requests that this cost not be taxed. *See, e.g., Zdunek v. Washington Metro. Area Transit Auth.*, 100 F.R.D. 689, 692 (D.D.C. 1983); *Butera*, 83 F.Supp.2d at 41.

2.      Courier – Washington Express - $83.33

Courier is not a cost which is taxable under Local Rule 54.1(d); therefore, Plaintiff requests that this cost not be taxed. *See, e.g., El-Fadl v. Central Bank of Jordan*, 163 F.R.D. 389, 389 (D.D.C. 1995).

3.      Transportation – Cab - $100.98

Transportation, presumably for an attorney but not specifically stated, to travel to a status conference at court and to travel to a deposition is not a cost which is taxable under Local Rule 54.1(d); therefore, Plaintiff requests that this cost not be taxed. *See, e.g., Butera*, 83 F.Supp.2d at 41.

4.      Postage for mail - $5.16

Postage "for mail" is not a cost which is taxable under Local Rule 54(d); therefore, Plaintiff requests that this cost not be taxed. *See, e.g., Zdunek*, 100 F.R.D. at 692.

5.      Photocopy Charges – in house for exhibits - $465.00

Photocopy charges for in house exhibits is not a cost which is taxable under Local Rule 54.1(d); therefore, Plaintiff requests that this cost not be taxed. *Butera,* 83 F. Supp. 2d at 40-41

(limiting copies to what is introduced into evidence, used for impeachment or filed with the clerk). If this cost is allowed under 54.1(d)(9) as other copying costs, this amount is limited to $300.00 and should be taxed at that amount only. *Id.*

     6.     CD and Flash Drive Reproduction – in discovery - $120.00

CD and Flash Drive Reproduction in discovery is not a cost which is taxable under Local Rule 54.1(d); therefore, Plaintiff requests that this cost not be taxed.

     7.     Conference Call with Witness - $23.61

The costs for hold a conference call with a witness is not a cost which is taxable under Local Rule 54.1(d); therefore, Plaintiff requests that this cost not be taxed. *See, e.g., Berke v. Fed. Bureau of Prisons,* 942 F.Supp.2d 71, 80 (D.D.C. 2013).

     8.     Overnight Mail – package to expert witnesses and to Jason Bach - $768.99

The costs for sending "packages" to expert witnesses and opposing counsel are not costs which are taxable under Local Rule 54.1(d); therefore, Plaintiff requests that this cost not be taxed. *See, e.g., Alberts v. HCA, Inc. (In re Greater Southeast Cmty. Hosp. Corp. I),* 2012 Bankr. LEXIS 1782, *17 (Bankr. D.D.C. Apr. 23, 2012).

     9.     Court Reporter Transcripts – Deposition transcript, videography services - $5,155.80

The cost of deposition transcripts may only be taxed if they are used on the record, at hearing, or at trial. Local Rule 54.1(d)(6). In addition, transcripts of the depositions of A. Flory and Y. Haywood were not reasonably necessary at the time taken nor were they used for any taxable purpose; thus, the costs in the amount of $260.50 should not be taxed. *See id.; see also, Oetiker v. Jurid Werke, GmbH*, 104 F.R.D. 389, 394 (D.D.C. 1982) (Expenses of discovery depositions not reasonably necessary at the time taken are not recoverable as costs). Additionally,

the cost of videographer services for Plaintiff's deposition is not a cost which is taxable under the rule, as it was not reasonably necessary at the time taken, and none of the video was used on the record, at hearing or at trial; thus, these costs in the amount of $1,755.00 also should not be taxed.

*Id.*, *see also Bell v. Gonzales*, 2006 U.S. Dist. LEXIS 69415, *5 (D.D.C. Sept. 27, 2006) ("[D]efendants have not demonstrated that the videotape deposition was necessary or reasonable under the circumstances, or that any use was made of the videotape at trial or in motion.").

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

A.    Deny Defendant's request that the Clerk tax the costs set forth above, and

B.    Grant Plaintiff such other and further relief as the nature of its cause may require.

Dated:  April 27, 2016                              Respectfully submitted,

  */s/ Jason J. Bach*
Jason J. Bach, Esq.
**THE BACH LAW FIRM, LLC**
D.C. Bar No.: 974126, *pro hac vice*
7881 W. Charleston Blvd., Suite 165
Las Vegas, Nevada 89117
Telephone: (702) 925-8787
Facsimile: (702) 925-8788
Email:  jbach@bachlawfirm.com
                              and
Tracy D. Rezvani, Esq.
Rezvani Volin, P.C.
1050 Connecticut Avenue, N.W., #500
Washington, D.C. 20036
Telephone: (202) 350-4270 x 101
Facsimile: (202) 351-0544
Email: trezvani@rezvanivolin.com

*Counsel for Plaintiff Sina Chenari*

## CERTIFICATE OF SERVICE

I hereby certify that, on this 27th day of April 2016, the foregoing **PLAINTIFF'S OPPOSITION TO DEFENDANT'S VERIFIED BILL OF COSTS AND EXPENSES** was served via the Court's ECF to counsel of record:

> Nicholas S. McConnell (D.C. Bar #167742)
> Jackson & Campbell, P.C.
> 1120 20th Street, N.W. (Suite 300 S.)
> Washington, D.C. 20036-3437
> Telephone: (202) 457-1600
> Facsimile: (202) 457-1678
> *Counsel for Defendant George Washington University*

    */s/ Jason J. Bach*