## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SINA CHENARI, | |
| Plaintiff, | |
| v. | Civil Action No. 14-929  (ABJ) |
| GEORGE WASHINGTON UNIVERSITY, | Judge Amy Berman Jackson |
| Defendant. | |

## RESPONSE TO PLAINTIFF'S OPPOSITION
## TO DEFENDANT'S VERIFIED BILL OF COSTS

Defendant George Washington University ("the University"), by counsel, pursuant to Fed. R. Civ. Pro. 54(d)(1), and Local Rule 54.1, provides this response to the Opposition to the University's Verified Bill of Costs filed by the Plaintiff, Sina Chenari (Dkt. 31).

## INTRODUCTION

Contrary to Plaintiff's claim, the Verified Bill of Costs specifically set forth all of the costs the University was seeking to recover, in categories that are easily attributable to the items set forth in Local Rule 54.1(d) and 28 U.S.C. §1920. Plaintiff does not contest the following costs: (1) court costs of $13.40; (2) service of process costs of $280.06; (3) copying costs of $300.00; and (4) court reporter transcripts costing $3,140.30. At a minimum, then, the University is entitled to an award of costs in the amount of $3,733.76. The other items in dispute are discussed below.

## ARGUMENT

There is a "strong presumption in favor of an assessment against the losing party" where the costs sought are "statutorily authorized." *Zdunek v. Washington Metropolitan Area Transit Authority*, 100 F.R.D. 689, 692 (D.D.C. 1983) (*citing Sun Ship, Inc. v. Lehman*, 655 F.2d 1311

(D.C. Cir. 1981)). The list of taxable items is "not exclusive." *Id.* This Court may allow other costs within its "sound discretion." *Osseiran v. International Finance Corp.*, 68 F. Supp. 3d 152, 155 (D.D.C. 2014). Indeed, the costs listed in Local Rule 54.1(d) are merely those "costs that are taxable as an administrative matter by the Clerk of Court," and "does not purport to enumerate the entire universe of taxable costs . . . and certainly does not constrain the authority of the Court to award costs based on the statutory standard." *Long v. Howard University*, 561 F. Supp. 2d 85, 97-98 (D.D.C. 2008).

That statutory standard is found at 28 U.S.C. §1920, under which this Court "may tax as costs" the following:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Each of the disputed costs sought by the University will be discussed in turn.

## I.    Long Distance Telephone

The University withdraws its request for its long-distance telephone costs pursuant to *Zdunek*.

**II.     Courier Costs**

The University withdraws its request for its courier costs pursuant to *Zdunek*.

**III.    Transportation**

The University withdraws its request for its transportation costs pursuant to *Conservation Force v. Salazar*, 916 F. Supp. 2d 15, 29-31 (D.D.C. 2013).

**IV.     Postage**

The University withdraws its request for its postage costs pursuant to *Zdunek*.

**V.      Photocopies of Exhibits**

Under *Berke v. Federal Bureau of Prisons*, 942 F. Supp. 2d 71, 80 (D.D.C. 2013), the cost of copies is recoverable in full under §1920. As these were copying costs incurred for exhibits necessary to the University's prevailing motion for summary judgment, the full $465.00 should be awarded.

**VI.     CD and Flash Reproduction**

The use of CD and Flash reproduction of documents is recoverable under §1920 as part of the copying costs incurred by the University in this case, as these electronic methods of copying merely supplanted hard-copy production. The full $120.00 should be awarded.

**VII.    Conference Call**

The University withdraws its request for its conference call costs pursuant to *Zdunek*.

**VIII.   Deposition Transcripts and Videography**

Plaintiff objects to the cost of $1,755.00 for the videotaping of his deposition. Costs of video depositions are taxable under §1920. *See Craftsmen Limousine, Inc. v. Ford Motor Co.*, 579 F.3d 894 (8th Cir. 2009). Moreover, Plaintiff never objected to the University's decision to videotape his deposition for use at trial. That failure to object has been deemed sufficient to

permit the taxing of such costs under §1920, *see Silicon Knights, Inc. v. Epic Games, Inc.*, 917 F. Supp. 2d 503, 511 (E.D.N.C. 2012) (*citing Morrison v. Reichhold Chems., Inc.*, 97 F.3d 460, 465 (11th Cir. 1996) (per curiam)), and should so apply here.

Plaintiff also argues that costs should not be awarded for the deposition transcripts of Andrea Flory, M.D., and Yolanda R. Haywood, M.D. Such costs are routinely awarded under §1920(2) when the transcripts are "necessarily obtained for use in the case." A transcript need not be used at trial or in a dispositve motion to be taxed. *See Osseiran v. International Finance Corp.*, 68 F. Supp. 3d 152, 158 (D.D.C. 2014). Rather, a transcript's necessity is determined "as of the time the deposition was taken" and can be taxed if it was used to prepare for a motion. *Id.* (*citing Johnson v. Holway*, 522 F. Supp. 2d 12, 18 (D.D.C. 2007).

Given that Dr. Flory's deposition was cited to by this Court in its Memorandum Opinion, *see* Dkt. No. 27, p. 4, and repeatedly by Plaintiff in his opposition to the University's motion for summary judgment, *see* Dkt. No. 24, p. 4, it is clear that the deposition was "necessary" and the costs for her transcript should be awarded. Although Dean Haywood's deposition testimony is not cited by the Court, Plaintiff's interactions with Dean Haywood are repeatedly referenced throughout this Court's opinion. *See* Dkt. No. 27 at pp. 5, 22-23. Both parties were well aware that Plaintiff's conversations with Dean Haywood played a large role in Plaintiff's claims. Indeed, Plaintiff was the one to notice her deposition. Therefore, Dean Haywood's deposition was necessary to determine the validity of Plaintiffs claims regarding his alleged conversations with her, and the costs of her transcript should also be awarded.

In sum, the University is entitled to the full $5,155.80 requested under "court reporter transcripts."

**CONCLUSION**

For the reasons stated above, Defendant The George Washington University respectfully requests an award of costs of $6,034.26, along with any other relief this Court deems just and necessary.

Dated: May 16, 2016                                   Respectfully submitted:

*/s/  Nicholas S. McConnell*
Nicholas S. McConnell (D.C. Bar #167742)
nmcconnell@jackscamp.com
James N. Markels (D.C. Bar #982476)
jmarkels@jackscamp.com
JACKSON & CAMPBELL, P.C.
1120-20TH Street, N.W.
South Tower, Third Floor
Washington, D.C.  20036
(T) (202) 457-1600
(F) (202) 457-1678

*Attorneys for Defendant George Washington University*

## CERTIFICATE OF SERVICE

I hereby certify that, on this 16th day of May, 2016, I caused the foregoing to be electronically filed using this Court's ECF system, which will then send a notification of such filing by electronic mail to counsel of record for Plaintiff:

> Tracy D. Rezvani, P.C.
> Rezvani Volin & Rotbert, P.C.
> 1050 Connecticut Avenue, N.W., 10th Floor
> Washington, D.C. 20036
>
> Jason J. Bach, Esq.
> The Bach Law Firm, LLC
> 7881 W. Charleston Boulevard, Suite 165
> Las Vegas, NV 89117
>
> *Counsel for Plaintiff*

*/s/ Nicholas S. McConnell*
Nicholas S. McConnell
*Counsel for Defendant*

3262314v.1